[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on November 8, 1991 at New Canaan, Connecticut. The plaintiff resided in this state since that time. There is one minor child issue of the marriage: Melanie Lee Moore, CT Page 1188 born January 21, 1993.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Conn. General Statutes in reaching the decisions reflected in the order that follow.
The parties met in May of 1991 and were married in November of 1991.
This dissolution action was commenced in November 1994. The parties lived together for approximate three and a half years before separating. The mother who is 36 years of age, has been diagnosed with delusional disorder, persecutory type. Attempts to get her into treatment and a regime of medication during the marriage has been futile. Since this separation, the mother has been hospitalized in Massachusetts but she has refused to sign appropriate authorizations for her counsel to obtain these records and medical reports. The court appointed a guardian ad litem for the mother due to some concerns expressed by the mother's attorney.
The mother is presently living in Hull, Massachusetts. The mother has her own apartment and manages her own affairs such as shopping, cleaning and cooking. She pays her own bills and is able to schedule her own appointments and takes public transportation to complete her errands. She has no difficulty handling the day to day activities of living and at the trial she assisted her counsel with suggestions for questions. The defendant-mother's illness is that she does not believe she is ill.
The defendant has a bachelor's degree from Mt. Holyoke College. Prior to her marriage she was employed as a secretary at Pitney Bowes and performed her duties without any difficulties. The defendant claims she is looking for work in the Boston area, writing grants and freelance writing.
The defendant refused to sign any release forms for the Massachusetts equivalent of a Family Relations Officer service nor did she sign an authorization for her attorney to obtain the CT Page 1189 appropriate hospital and medical records in Massachusetts which might have shed some light on her condition. The court is thus left with Dr. Kelly's psychiatric exams of July and August 1995.
The defendant has lived in Massachusetts since August 1995. She has not seen or visited with her minor child issue of the marriage since November 1995. She has maintained telephone contact with the minor since she left Connecticut, although it was sometimes sporadic. The minor child, who is now four years of age, has been in the custody of the plaintiff-father since the separation. She appears to be thriving from all accounts. The court had the benefit of the Family Relations officer's testimony and report and the report of the guardian ad litem for the minor child.
The defendant has applied for Social Security benefits. If such benefits are received, it will include a stipend for the minor child which will be of assistance to the father in his support of the minor child.
The plaintiff-father is 36 years of age. He is employed at Pitney Bowes earning a gross of $83,200 per year and a net of $58,136 per year. The plaintiff owned the marital home prior to the marriage. It has a net equity of approximately $21,200. The plaintiff has a 401(k) plan for approximately $19,062, most of which accrued prior to his marriage in 1991. The plaintiff-father has a day care expense of $150 per week. Any liquid assets the parties might have had, have been used up for the order of pendente lite alimony of $350 per week and child care expenses since the institution of this matter in November 1994. The plaintiff's health has been affected as a result of these marital problems. He was ill and on disability for a period of time in 1996 and he has developed an ulcer. His work has been affected such that he did not receive a bonus for 1995 or 1996.
The plaintiff gave the wife a lump sum of $5700 at the time the parties separated to assist the plaintiff financially.
The plaintiff has borrowed the maximum on his 401(k) to keep current on his weekly expenses.
The plaintiff testified that he observed his wife start to change six months after the marriage. After the birth of their child, the situation deteriorated and the plaintiff took over many of the household duties. CT Page 1190
As previously indicated, the plaintiff's attempts to have his wife participate in counseling or seek medical assistance was of no avail.
The court finds that the plaintiff made every effort to obtain medical/psychiatric treatment for his wife, but to no avail. The court finds that the wife's mental illness and refusal to seek treatment during the marriage caused the breakdown of the marriage.
With proper medical treatment and medication, there is a prognosis for the defendant's disorder to remit, and often without subsequent relapses.
The defendant's obtaining of Social Security benefits and medical insurance in the near future will relieve some of the plaintiff's financial burden and assure the defendant of a constant income.
The following orders shall enter:
CUSTODY
Sole custody of the minor child Melissa Moore is awarded to the plaintiff-father. Joint custody at this time would not be in the best interests of the minor child and would be detrimental to the child's well-being and continued growth.
VISITATION
The court is concerned over the lack of visitation between the minor child and the mother, made more complicated by the mother moving to Massachusetts where she is currently residing. Although the defendant has the ability to function on a day to day basis, she does not have a motor vehicle and transportation to Connecticut for visitation is a problem for her.
The Family Relations officer, the guardian for the minor child, and the guardian for the defendant have all recommended supervised visitation. It is ordered as follows:
1) Visitation shall be supervised.
2) Provided an appropriate setting for supervised CT Page 1191 visitation supervised by a therapist/professional is made available in Massachusetts, the plaintiff-father shall bring the child to Massachusetts every other month for a supervised visit with the defendant-mother for a period of two to three hours or such times as the parties shall agree. Said visitation shall accommodate the plaintiff's work schedule.
 3) In the event the defendant-mother is able to obtain transportation to Connecticut, she shall be entitled to supervised visitation with the minor child at Southern Connecticut State College on a minimum of once per month. The plaintiff's work schedule shall be accommodated. The plaintiff shall bear the cost, if any, of the supervisor at Southern Connecticut State College.
 4) The defendant must immediately put herself under the care of a qualified therapist/psychiatrist and follow the course of therapy and/or medication that is prescribed and recommended. Further visitation shall be pursuant to the recommendation of the defendant's treating therapist or psychiatrist.
 5) This visitation schedule shall be reviewed after a year upon the request of either party.
ALIMONY
It is anticipated that the defendant will commence receiving Social Security benefits within a reasonable period of time.
 1) The court orders that the plaintiff shall pay to the defendant as periodic alimony the sum of $250 per week for a period of 18 months or until the defendant obtains her monthly Social Security benefits, whichever event shall first occur.
 2) Upon the defendant receiving Social Security benefits, the alimony shall be reduced to $175 per week for a period of two years at which time periodic alimony shall terminate. Alimony shall sooner terminate on the death of the plaintiff, the death of the defendant, her remarriage or cohabitation.
3) By way of further alimony, the plaintiff shall pay the CT Page 1192 cost of COBRA benefits for the defendant for a period of 18 months or until the defendant obtains medical coverage through her Social Security benefits, whichever shall first occur. The testimony presented indicated the COBRA cost was $55 per week. The defendant shall be responsible for any unreimbursed medical fees.
 4) The defendant shall use due diligence to complete and process her Social Security application without delay and shall provide whatever documentation is required by the Social Security Agency. It is expected that the Social Security award to the defendant will be approximately $600 per month.
CHILD SUPPORT
 1) The plaintiff shall be entitled to whatever amount Social Security awards the defendant for the benefit of the minor child as child support for the minor child, provided it is not in excess of the Connecticut Child Support Guidelines.
 2) The plaintiff shall maintain medical coverage as is available at his place of employment for the benefit of the minor child. The plaintiff shall be responsible for any unreimbursed medical expenses incurred by the minor child.
PERSONAL PROPERTY
If the parties are unable to agree on a division of their personal property, they are referred to Family Services for mediation. If the mediation is unsuccessful, the parties shall return to court for a hearing and orders thereon.
OTHER PROPERTY
 1) The plaintiff shall be entitled to his real estate located at #113 Spring Glen, Shelton, Connecticut and his pension and 401(k) plan.
 2) The plaintiff shall be entitled to the assets as set forth in his financial affidavit and in his possession.
CT Page 1193
 3) The defendant shall be entitled to the assets as set forth on her financial affidavit, including her personal injury claim.
INSURANCE
 1) The plaintiff shall maintain the life insurance as is available through his employment with the defendant and minor child named as beneficiaries thereon. The insurance for the defendant shall be maintained as long as the plaintiff has an obligation for alimony. The plaintiff shall name a trustee or guardian for the benefit of the minor child on said policy.
2) This provision shall be modifiable.
ATTORNEYS' FEES
 1) The fee for the guardian ad litem for the minor child shall be equally divided between the plaintiff and the defendant.
 2) The defendant shall contribute $1000 towards the fee of the guardian ad litem for the defendant.
 3) The plaintiff shall contribute the sum of $1000 towards the fee of the attorney for the defendant.
Coppeto J.